Case 2:23-cv-00248   Document 39   Filed on 12/03/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
December 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMIN STOCKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00248 |
| | § | |
| TDCJ STAFF, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's complaint (D.E. 1, 21, 25, 29) for initial screening under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. Plaintiff sued Defendants for punitive conduct directed at him because of his defiance of prison policy. He contends that his religion requires growing his hair into long dreadlocks and he refused to cut his hair to comply with the grooming policy.

On September 20, 2024, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 33), recommending that:

- Plaintiff's claims for racial and religious discrimination in violation of the First Amendment, Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment be retained against Defendant TDCJ Director Bobby Lumpkin for declaratory and/or injunctive relief; and

- All other claims regarding religious discrimination, retaliation, and money damages be dismissed for failure to state a claim on which relief may be granted.

Plaintiff timely filed his objections (D.E. 37) on October 2, 2024.

First, Plaintiff objects to the recommended dismissal of the discrimination claims against the prison staff defendants because they should not be deemed insulated from liability merely because their discriminatory behavior was consistent with a discriminatory prison policy. D.E. 37, pp. 1-3. Plaintiff mischaracterizes the basis for the recommendation. It is not that the staff is "insulated" by the policy.  It is that the consistency of Defendants' behavior with the policy is a factor negating the issue of individual intent to discriminate. And Plaintiff failed to offer factual allegations to show that the conduct was the product of discriminatory animus independent of the grooming policy.  As the M&R states, Plaintiff's allegations are conclusory and, therefore, insufficient under federal pleading standards to sustain the claim.  D.E. 33, pp. 20-23.  Plaintiff offers no authorities that demonstrate error in this conclusion.  The objection is **OVERRULED**.

Second, Plaintiff objects to the dismissal of the retaliation claims, in part, reciting that he had alleged claims for retaliation in response to his filing of grievances against Defendants Lt. Cavazos, Sgt. Perez, and Sgt. Liserio (not just in retaliation for his grooming). D.E. 37, p. 4 (citing D.E. 21, p. 17).  It is true that Plaintiff mentions his filing of grievances as one of the reasons for certain Defendants' conduct against him in his amended complaint (the second of his four efforts at pleading his case). D.E. 21, pp. 8, 17. However, when pressed to recite the constitutionally-protected right that Plaintiff exercised

that triggered each retaliation event, Plaintiff prefaced each with "for expressing my racial identity by wearing my hair . . . in a manner consistent with my sincerely held religious beliefs . . . ." D.E. 29, pp. 13-21 (the fourth of four efforts at pleading his case). There is no mention of a constitutionally-protected right to file grievances or make a legal claim against Defendants as triggering any retaliatory conduct. Thus, any complaint regarding retaliation for filing grievances was waived. The objection is **OVERRULED**.

Third, Plaintiff objects that he did provide factual allegations of retaliatory intent because he informed each Defendant that he was wearing his hair in defiance of the grooming policy because he had a right to express his race, religion, and cultural identity. D.E. 37, pp. 4-5. But, again, the existence of the prison policy negates any individual intent to retaliate against Plaintiff's personal rights and Plaintiff's allegations of individual intent are conclusory. The objection is **OVERRULED**.

Fourth, Plaintiff objects to the recommended dismissal of his retaliation claims specifically related to the disciplinary actions taken against him. He argues, without citation of authority, that there is no requirement that he show that the resulting punishments were terminated in his favor. D.E. 37, p. 5.

The M&R recites that failure to show a favorable result on appeal or otherwise negates the causation requirement for a retaliation claim. D.E. 33, pp. 26-27. That is because the causation standard requires "a showing that ***but for*** the retaliatory motive, the complained-of action would not have occurred." D.E. 33 (emphasis added, citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). So long as a disciplinary case

result remains undisturbed, it appears to have merit based on Plaintiff's improper conduct. The Court cannot conclude that it would not have been brought but for a Defendant's personal retaliatory motive. The objection is **OVERRULED**.

Last, Plaintiff objects that the M&R fails to address his claim for racial and religious discrimination pursuant to Texas Civil Practice and Remedies Code § 106.001, *et seq*. D.E. 37, p. 6. While Plaintiff is correct that he pled such a claim and the M&R should have, but did not, address it, the claim must be dismissed. *See* D.E. 1, p. 1; D.E. 21, pp. 1, 23-24.

The statute applies only to official capacity claims. § 106.001(a). And it does not apply to a prisoner's claim against the TDCJ:

> INAPPLICABILITY TO CERTAIN CLAIMS. This chapter does not authorize a claim for preventive relief against the Texas Department of Criminal Justice, an employee of the department, or any other agency, agent, employee, or officer of this state if:
>
> (1) the claim is brought by a person housed in a facility operated by or under contract with the department; and
>
> (2) the claim accrued while the person was housed in the facility.

§ 106.004. Consequently, the statute does not apply to any of the Defendants or the conduct of which Plaintiff complains. The objection is **OVERRULED AS MOOT**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's

objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge as supplemented herein. Accordingly, the Court:

- **RETAINS** Plaintiff's claims under the First Amendment (free exercise and free speech), the RLUIPA, and the Equal Protection Clause of the Fourteenth Amendment against Director Bobby Lumpkin in his official capacity for declaratory and injunctive relief;

- **DISMISSES WITHOUT PREJUDICE** the claims against Defendant "TDCJ Staff;"

- **DISMISSES WITH PREJUDICE** Plaintiff's remaining claims against all other Defendants in their individual capacities as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1); and

- **DISMISSES WITH PREJUDICE** Plaintiff's claims under Texas Civil Practice and Remedies Code § 106.001.

**ORDERED** on December 2, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE